UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFRED HARRIS

    Petitioner,

v.                            Case No. 8:12-cv-750-T-30TBM

SECRETARY,
DEPARTMENT OF CORRECTIONS,
and ATTORNEY GENERAL,
STATE OF FLORIDA

    Respondents.
_____/

## ORDER

Petitioner Alfred Harris, an inmate in the Florida penal system, (hereinafter referred to as "Petitioner"), brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt 1). This Court has considered the petition (Dkt. 1), and the Respondents' response (Dkt.15). Upon review, the Court determines that the petition must be denied on the merits.

## BACKGROUND

After DNA testing performed in 1998 implicated Petitioner in a 1987 murder and sexual assault, Petitioner was charged by indictment with one count of first degree murder, one count of sexual battery using force likely to cause serious physical injury, and burglary of a dwelling while armed with a deadly weapon while committing a battery. (Dkt. 17, Exhibit 8, p. 1). A jury found Harris guilty on all counts and recommended Petitioner be put to death. (Dkt. 17, Exhibit 8, p. 2.) The trial judge instead

1

sentenced Petitioner to life on each count, with the murder sentence consecutive to the sexual battery and burglary sentences. *Id.*

Petitioner appealed, raising one issue: whether Officer Alonzo should have been able to testify about the statement by the victim, Ms. Brooks, as an excited utterance exception to hearsay. The state appellate court affirmed per curiam on June 20, 2003. (Dkt. 15). *Harris v. State*, 849 So.2d 305 (Fla. 2d DCA 2003)(table).

On August 18, 2003, Harris filed a petition for writ of habeas corpus alleging that his appellate counsel was ineffective. (Dkt. 17, Exhibit 12). On April 5, 2004, the court denied the petition. (Dkt. 17, Exhibit 14).

On September 28, 2004, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Petitioner raised sixteen claims of ineffective assistance of his trial counsel. (Dkt. 17, Exhibit 15). On March 14, 2005, the court summarily denied grounds two, four, eight, nine, ten, twelve, and thirteen. (Dkt. 17, Exhibit 16). An evidentiary hearing was held on grounds one, three, five, six, seven, eleven, fourteen, fifteen, and sixteen. *Id*. On September 21, 2010, the court denied each of the remaining grounds. (Dkt. 17, Exhibit 26).

On October 14, 2010, Petitioner filed a Notice of Appeal From Non- Summary Denial of Motion for Post-Conviction Relief. (Dkt. 17, Exhibit 27). In his brief, Petitioner only appealed the trial court's decision as to grounds eight, nine, and ten. (Dkt. 17, Exhibit 28). On February 8, 2012, the Court, per curiam, affirmed the denial of Petitioner's motion. (Dkt. 17, Exhibit 30).

On May 7, 2012, Petitioner filed the instant petition claiming counsel was ineffective for:

2

1. failing to move to exclude DNA evidence as scientifically unreliable;

2. failing to move to exclude DNA evidence because it was not protected against contamination;

3. failing to investigate and cross-examine Ms. De la Roche about DNA coming from another source;

4. failing to cross-examine witnesses about substandard quantity of DNA;

5. failing to present an independent DNA expert;

6. failing to investigate, call an independent expert on or exclude as scientifically unreliable the population frequency of DNA statistics;

7. failing to request a fingerprint comparison;

8. failing to advocate concern about juror's exposure to media reports;

9. failing to move for a new trial because of juror's exposure to media;

10. conceding guilt in opening statements without Harris' consent;

11. failing to object, move to strike, or request a curative instruction when Mr. Spalding provided testimony that shifted the burden of proof;

12. failing to object to prosecutor's question's about blood, hair, and saliva obtained from Harris pursuant to a warrant;

13. failing to object or request a new trial due to improper comments made by the prosecutor during closing arguments;

14. failing to make an effective closing argument because it did not include the inconsistent testimony about an exhibit that could show contamination; and

15. failing to request a read-back of the testimony in response to a juror's question.

## STANDARD OF REVIEW

### A. AEDPA

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA) his petition is subject to

the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. § 2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254; *Williams v. Taylor,* 529 U.S. 362 (2000); *Mitchell v. Esparza*, 540 U.S. 12 (2003).

In *Mitchell v. Esparza*, the Supreme Court explained that a state court's decision is "contrary to" the Supreme Court's clearly established law if it applies a rule that contradicts the governing law set forth in our cases or if it "confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from our precedent." *Mitchell*, citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  As to the issue of whether a state court has made "an unreasonable determination of the facts in light of the evidence," the state court's determinations of fact are presumed to be correct and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(c)(1).

4

B.   **<u>Ineffective Assistance of Counsel</u>**

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

In order to prevail on an ineffective counsel claim, *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### C. <u>Timeliness</u>

Petitioner's motion is timely. On June 20, 2003, Petitioner's judgment was affirmed by the Second District Court of Appeal, State of Florida. Therefore, Petitioner's one-year-limitation for filing the instant Petition began to run on September 18, 2003, ninety days after the appeal was affirmed. The one-year-limitation to seek federal habeas relief begins when the time to seek certiorari with the Supreme Court ends. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002).

On August 18, 2003, Petitioner filed a petition for writ of habeas corpus alleging that his appellate counsel was ineffective. The petition was denied on April 5, 2004.

One hundred and seventy six days later, on September 28, 2004, Harris filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. On September 22, 2010, the Court entered the final order denying Petitioner's Motion for Post-Conviction Relief.

Twenty-two days later, on October 14, 2010, Petitioner filed a Notice of Appeal of Denial of Motion for Post-Conviction relief. On February 8, 2012, the Court, per curiam, affirmed the Denial of Petitioner's motion.

Ninety days later, on May 7, 2012, after expiration of a total of two hundred and eighty eight days (176 + 22 + 90) Petitioner filed the instant petition.

## PROCEDURAL DEFAULT

A § 2254 petition cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State...." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir.2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir.2001); *Duncan v. Henry*, 513 U.S. 364(1995) ("[E]xhaustion of state remedies requires that the state prisoner 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]' ") (citation omitted).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir.2001). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Judd,* 250 F.3d at 1313.

Pre–AEDPA decisions from the Supreme Court establish the framework governing procedural default in federal habeas cases. A procedural default will only be excused in two narrow circumstances. First, Petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires Petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir.1995).

To show "prejudice," Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir.1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson,* 353 F.3d at 892.

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir.2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v.*

8

*Carrier*, 477 U.S. 478, 495–96 (1986) (explaining a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

"[A] claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon,* 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) ("given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected"). The *Schlup* Court stated the petitioner must show constitutional error coupled with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995).

**GROUNDS ONE, TWO, THREE, FOUR, FIVE, SIX, SEVEN, ELEVEN, TWELVE, THIRTEEN, FOURTEEN, AND FIFTEEN.**

Petitioner presented the allegations in grounds one, two, three, four, five, six, seven, eleven, twelve, thirteen, fourteen, and fifteen of this petition to the state court in his Rule 3.850 motion.[1] The state court summarily denied claims two, four, twelve, and thirteen and ordered an evidentiary hearing on grounds one, three, five, six, seven,

---

[1] Each ground in the instant petition is the same numbered ground as the Rule 3.850 motion.

eleven, fourteen, and fifteen. (Dkt. 16). Following the hearing, the state court denied relief on the remaining grounds.

Petitioner appealed. In his appellate brief, Petitioner failed to challenge the denial of the claims presented in all of the grounds except eight, nine, and ten of this petition. This failure results in a procedural default of all grounds not appealed.

In Florida, exhaustion of claims raised in a Rule 3.850 motion includes an appeal from the denial of the motion. *Leonard v. Wainwright,* 601 F.2d 807, 808 (5th Cir. 1979). More specifically, when a Rule 3.850 motion has been denied after an evidentiary hearing, the applicable state procedural rule provides a briefing schedule. See Fla. R.App. P. 9.141(b)(3)(C). Submission of a brief without an argument on a particular issue results in a waiver of that issue. See *Duest v. Dugger,* 555 So.2d 849 (Fla.1990) ("The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.").

Petitioner was not appealing from a summary denial of his Rule 3.850 motion without an evidentiary hearing; therefore, he was required to file a brief raising his specific Rule 3.850 claims. Indeed, a brief is not required on appeal from summary denial of a Rule 3.850 motion without an evidentiary hearing; however, briefs are required when the appeal is from denial of a Rule 3.850 motion after an evidentiary hearing. See Fla. R.App. P. 9.141(b)(2)(C), 9.141(b)(3)(C).

A failure to appeal a specific issue after denial by the Rule 3.850 trial court is a procedural default as to that issue. See *Cortes v. Gladish*, 216 Fed. Appx. 897, 899–900 (11th Cir.2007) ("In contrast, had Cortes received an evidentiary hearing, his failure to

10

address any issues in his appellate brief would constitute a waiver of those issues."). It is well established in Florida courts that claims for which an appellant has not presented any argument, or for which he provides only a conclusory argument, are insufficiently presented for appellate review and are waived. See *Gamble v. State*, 877 So.2d 706 (Fla.2004); *Reed v. State,* 875 So.2d 415 (Fla.2004). Therefore, Petitioner's failure to assert on post-conviction appeal the claims presented in grounds one, two, three, four, five, six, seven, eleven, twelve, thirteen, fourteen, and fifteen of this federal habeas petition results in the procedural default of these grounds.

Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones,* 256 F.3d 1125, 1138 (11th Cir.2001).

Petitioner fails to demonstrate cause and prejudice excusing his default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner fails to allege or show that the fundamental miscarriage of justice exception applies. *Henderson*, 353 F.3d at 892. Because Petitioner fails to proffer specific facts showing an exception to procedural default, grounds one, two, three, four, five, six, seven, eleven, twelve, thirteen, fourteen, and fifteen of this petition are procedurally barred from review.

**GROUND EIGHT: COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO PROPERLY AND EFFECTIVELY ADVOCATE ISSUES RELATED TO JUROR EXPOSURE TO PREJUDICIAL MEDIA REPORTS PUBLISHED IN THE TAMPA TRIBUNE AND ST. PETERSBURG TIMES ABOUT PETITIONER'S CASE.**

Petitioner contends his trial counsel was ineffective for failing to advocate concern about jurors' exposure to media reports and for not moving for a new trial. Specifically, Petitioner claims his trial counsel was ineffective for failing to request a Court inquiry into the newspaper and television reports concerning his case. (Dkt. 1, p. 12).

The state court found the Petitioner's claims to be conclusory in nature, with Petitioner speculating the jury had been exposed to prejudicial reports of the case. Dkt. 16, p. 10. Petitioner has offered no evidence the jury had been exposed to prejudicial media reports. Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551,1559 (11th Cir. 1991). Without demonstrating such articles existed, Petitioner has failed to show any reason for his counsel to request the court to conduct an inquiry about media exposure.

Petitioner fails to demonstrate that the state court's rejection of these claims relied on erroneous facts, or applied law contrary to or an unreasonable application of *Strickland*, or in a manner that was objectively unreasonable in light of such precedent. Thus, ground eight fails.

**GROUND NINE: COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO MOVE FOR A NEW TRIAL ON THE BASIS OF THE JURORS' EXPOSURE TO PREJUDICIAL MEDIA REPORTS.**

Petitioner contends his trial counsel failed to move for a new trial on the basis of juror exposure to prejudicial media reports. Specifically, Petitioner contends jurors were exposed to the fact that Petitioner was already in jail for a similar offense. (Dkt. 1, p. 13).

The state court found Petitioner "is merely speculating that the jury had been exposed to prejudicial media reports of the case and that such exposure affected the outcome of the trial. As such, no relief is warranted upon ground 9." (Dkt. 16, p. 11).

This Court agrees. Petitioner provides no evidence to suggest the jury had been exposed to prejudicial media reports other than his unsubstantiated claim. Petitioner neither identifies any such news articles nor describes their content. Therefore, Petitioner's counsel's failure to raise the non-meritorious claim of moving for a new trial is not deficient performance. *See Chandler v. Moore*, 240 F.3d 907, 917-18 (11th Cir.2001) (rejecting argument for ineffective assistance of counsel where counsel failed to raise a non-meritorious claim). *See also Tejada v. Dugger*, 941 F.2d 1551,1559 (11th Cir. 1991) (Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim).

Petitioner has not demonstrated that the state court unreasonably applied federal law, or made an unreasonable determination of the facts in light of the evidence. The state court reasonably applied *Strickland* and found that Petitioner could not satisfy the *Strickland* test. Accordingly, ground nine must be denied.

**GROUND TEN: COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO CONTEST THE VALIDITY OF THE STATE'S CASE IN OPENING ARGUMENT WHICH PARTIALLY CONCEDED GUILT WITHOUT PETITIONER'S AUTHORIZATION**.

Petitioner contends trial counsel erred in conceding the validity of the State's case in opening argument, which partially conceded guilt without authorization. (Dkt. 1, p. 13). Specifically, Petitioner claims that trial counsel conceded Petitioner's guilt by making the following statements:

> "…Mr. Harris has been charged truthfully with the ultimate crime."
>
> "…not necessarily with the facts, because I don't dispute any of the facts…"
>
> "…no one is going to be accused of having committed this crime during the course of this trial by me."
>
> "…I don't dispute a lot of what Mr. Pruner says…"

Dkt. 16, p. 11.

The state court disagreed with Petitioner's interpretation of the aforementioned statements, holding:

> A review of the record reflects that trial counsel did not concede the Defendant's guilt. Rather, counsel commented on the severity of the crime with which the Defendant was charged and the undisputed facts as described by the State. Therefore, Defendant has failed to meet the first prong of *Strickland* in that Defendant has failed to prove counsel conceded guilt during opening statements. Since Defendant has failed to meet the first prong of *Strickland*, it is unnecessary to address the prejudice component. As such, no relief is warranted upon ground 10.

Dkt. 16, p. 12.

14

After examining the record and the context in which the statements were made, the Court concludes the statements made by counsel did not concede guilt or the validity of the State's case.

Petitioner's contention that the statement by counsel "…Mr. Harris has been charged truthfully with the ultimate crime" partially conceded guilt is inaccurate. The record indicates the context in which this statement was given was to show the severity of the charges Petitioner was facing.

Petitioner's contention that the statement by counsel "…not necessarily with the facts, because I don't dispute any of the facts…" partially conceded guilt is misguided. Petitioner's counsel is indicating that he does not dispute that a crime has occurred, but Petitioner's counsel disagrees with the State on who committed that crime.

Petitioner's assertion that the statement by counsel "…no one is going to be accused of having committed this crime during the course of this trial by me" partially conceded guilt is inaccurate. Petitioner's counsel is using an effective trial strategy of showing that even though he may not know who committed the crimes in the instant case, that doesn't mean that his client is guilty.

Petitioner's contention that the statement by counsel "…I don't dispute a lot of what Mr. Pruner says…" partially conceded guilt is inaccurate. Petitioner's counsel here tries to show that like in most cases, there is a lot that he does not dispute with the State, and some that he does. Petitioner's counsel disputed the fact there was evidence of Petitioner entering the Brooks' home on June 25, 1987. Petitioner's counsel also disputed the existence of any evidence that Petitioner sexually assaulted Mrs. Brooks.

Because this ground fails to show deficient performance by Petitioner's counsel, it must be denied.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. 1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa on this 8th day of January, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cv-750 Harris deny 2254.docx